UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


MARCUS VOLLANS,

    Plaintiff,          Civil No. 04-823-HA

    v.              ORDER

JO ANNE B. BARNHART,
Commissioner of Social Security,

    Defendant.

HAGGERTY, Chief Judge:

  On September 1, 2005, this court issued a Judgment ordering that the final decision of the

Commissioner of the Social Security Administration denying plaintiff Marcus Vollans'

1 -- ORDER

applications for disability insurance benefits (DIB) under Title II and Supplemental Security Income (SSI) must be affirmed. Plaintiff filed a Motion for Reconsideration [24] and (unsuccessfully) requested that his mother represent him in the prosecution of this motion. *See* Order denying Kathleen Vollans' Motion to Represent [26] issued October 27, 2005. In that Order, plaintiff was instructed to serve his Motion for Reconsideration on counsel for defendant and to file a certificate of service with the court by November 14,2005, showing service on counsel for the defendant. Plaintiff was advised that if no certificate of service was filed, his Motion for Reconsideration would be denied. *Id*.

No certificate of service has been filed as of the date of this Order. However, defendant acknowledges receiving a copy of plaintiff's motion on October 27, 2005, and has filed a formal Response in Opposition to Motion for Reconsideration [24]. Because defendant acknowledges receipt, this court proceeds to consider and resolve plaintiff's motion on its merits.

ANALYSIS

The factual background of this action has been reviewed thoroughly previously, and needs only brief summary here. Plaintiff filed for DIB and SSI on June 8, 2000. *See* Administrative Record 653 (all remaining references to the Administrative Record will be designated by "AR" followed by the page number). After these claims were denied, hearings were held before an Administrative Law Judge (ALJ) on May 16, 2002 and August 15, 2002. AR 648–95, 696–777. The ALJ issued a written decision on August 30, 2002 finding plaintiff not disabled. AR 21–32. After consideration of newly submitted evidence, the Appeals Council denied plaintiff's request for review (AR 7–9), making the ALJ's decision the final decision of

the Commissioner. See 20 C.F.R. §§ 416.1481, 422.210. Plaintiff's Complaint seeking judicial review was dismissed by this court on September 1, 2005.

Plaintiff's Motion is construed as a request for a remand to the Commissioner for further proceedings to consider new, material evidence. The requirements for remanding a case to the Commissioner for consideration of new evidence is found at 42 U.S.C. § 405(g). Sentence six of this statute states:

> The court may, on motion of the Commissioner of Social Security made for good cause shown . . . remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding.

42 U.S.C. § 405(g).

If the Commissioner's consideration of new evidence is necessary under this provision, the court issues what is known as a "sentence six remand" and retains jurisdiction over it until administrative proceedings are complete and a new transcript and administrative decision have been filed with the court. *See id*.

In this case, plaintiff presents new evidence supporting his Motion for Reconsideration in the form of medical records from 2004 and medical information obtained from computer searches. *See* Pl.'s Mo. for Recon. at Ex. A- E. Defendant acknowledges that this "new evidence *may* be material," but suggests that the information "*may* relate only to periods long past the adjudicative period" and contends that plaintiff has failed to establish good cause for failing to present the evidence to the Appeals Council before its decision regarding plaintiff's claims on August 9, 2004. Df. Resp. at 7 (emphasis provided).

3 -- ORDER

The Ninth Circuit recognizes two requirements that must be met before a claimant is entitled to a remand for consideration of new evidence: (1) the claimant must show that there is a reasonable possibility that the new evidence would have changed the outcome of the claimant's prior hearing, and (2) the claimant must show good cause for failing to present the evidence earlier. *Yarbour v. Commissioner*, 2005 WL 3439890, *1 (9th Cir. 2005) (citing *Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir. 2001) (reasonable possibility of different outcome); and *Clem v. Sullivan*, 894 F.2d 328, 332 (9th Cir. 1990) (good cause).

This court concludes that plaintiff's evidence gives rise to a reasonable possibility that the outcome of his hearing might have been different. Plaintiff's evidence pertains to a recent diagnosis of a rare syndrome that affects claimant's ability to think, learn, remember, and behave appropriately. Apparently, this diagnosis was made after plaintiff's ALJ hearing, and sometime shortly before the Appeals Council rendered its final decision. It is unclear whether the onset date of this syndrome has been established. Defendant suggests that the new evidence of medical problems "may" relate to periods past the adjudicative period. This court is unwilling to accept this supposition as conclusive. Accordingly, as defendant also suggests, this evidence is both new and at least possibly material.

The question of whether there is good cause that explains plaintiff's failure to present this evidence earlier requires closer examination because of circumstances unique to this matter. Although plaintiff is unrepresented presently and fails to address the "good cause" question, his diagnosis sheds some light on the issue. A condition that affects a person's cognitive processes and memory, as well as the ability to socialize appropriately, may well preclude that person from understanding the necessity of advancing new evidence to the Appeals Council in a timely

manner.  Moreover, there is evidence suggesting that plaintiff's relationship with his counsel deteriorated so profoundly (possibly because of plaintiff's disorder) that the presence of counsel may have hindered plaintiff's ability to advocate on his own behalf.  *See* October 3, 2005 Letter from Kathleen Vollans giving Notice of Attorney Withdrawal.  Because of these specific, unusual circumstances, including plaintiff's diagnosis of a cognitively debilitating syndrome, uncertainty of the syndrome's onset date, and the complications inherent in a poor relationship between client and counsel, this court concludes that plaintiff's submissions to the court establish sufficient good cause to explain why plaintiff failed to present the new, material evidence of his medical problems.  Accordingly, this court has determined that the Commissioner's consideration of plaintiff's new evidence is necessary, and that a sentence six remand is compelled under the facts and circumstances specifically unique to this case.  If plaintiff's new evidence or further development of the record establishes his disability as of some date thereafter his present application, plaintiff should be advised of his recourse to file a new application.  *See, e.g., Yarbour*, 2005 WL 3439890, *1.

CONCLUSION

For the foregoing reasons, this court concludes that material new evidence has been presented in this matter, there is a reasonable possibility that this new evidence would have changed the outcome of plaintiff's prior hearing, and there is good cause for plaintiff's failure to incorporate such evidence into the record in a prior proceeding.  Accordingly, the Commissioner's consideration of new evidence is necessary, and this matter must be remanded.  *See* 42 U.S.C. § 405(g).  This court retains jurisdiction over this matter until administrative proceedings are complete and a new transcript and administrative decision have been filed with

the court that reflects full and proper consideration of plaintiff's medical problems as revealed by plaintiff's medical records from 2004 and medical information obtained from computer searches. *See* Pl.'s Mo. for Recon. at Ex. A- E.  The Commissioner shall take all necessary steps to develop the record fully regarding plaintiff Marcus Vollans' possible entitlement to DIB or SSI.

IT IS SO ORDERED.

DATED this _30____ day of January 2006.

_____/s/ Ancer L.Haggerty_____
Ancer L. Haggerty
United States District Judge